Brandt L. Wolkin, Esq.  (SBN 112220)
bwolkin@wolkincurran.com
Catharine M. Tolson, Esq.  (SBN 271223)
ctolson@wolkincurran.com
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California  94108
Telephone:    (415) 982-9390
Facsimile:    (415) 982-4328

Attorneys for Defendant
NAVIGATORS SPECIALTY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD REPUBLIC GENERAL INSURANCE CORPORATION<br><br>    Plaintiff,<br><br>    v.<br><br>AMTRUST INTERNATIONAL UNDERWRITERS LTD., COLONY INSURANCE COMPANY, EVEREST INDEMNITY INS. CO., LIBERTY SURPLUS INSURANCE, NAVIGATORS SPECIALTY INS. CO., PEERLESS INSURANCE CO., THE OHIO CASUALTY INS. CO., TOKIO MARINE SPECIALTY INSURANCE CO., U.S. SPECIALTY INSURANCE COMPANY, and DOES 1 through 10,<br><br>    Defendants. | Case No.: 1:20-CV-00778-NONE-JLT<br><br>**STIPULATED DEPOSITION PROTOCOL; and [~~PROPOSED~~] ORDER APPROVING STIPULATED DEPOSITION PROTOCOL (Doc. 57)** |

The parties submit that, given the ongoing COVID-19 pandemic, good cause exists for entry of the stipulated deposition protocol outlined herein. *See, e.g., Sinceno v. Riverside Church in the City of N.Y.*, 2020 U.S. Dist. LEXIS 47859, at *1 (S.D.N.Y. Mar. 18, 2020) (approving all depositions being taken by "telephone, videoconference, or other remote means" in view of the COVID-19 pandemic); *see also Pearlstein v. Blackberry Ltd.*, 2020 U.S. Dist. LEXIS 47032, at *2-3 (S.D.N.Y. Mar. 16, 2020) (same); *Thomas v.*

1.

*Wallace, Rush, Schmidt, Inc.*, 2020 U.S. Dist. LEXIS 46925, at *6 (M.D. La. Mar. 18, 2020) (same). *Cf. Automatic Equip. Mfg. Co. v. Danko Mfg.*, 2020 U.S. Dist. LEXIS 47350, at *6 (D. Neb. Mar. 12, 2020) (permitting parties to hold *Markman* hearing by videoconference); *ResCap Liquidating Tr. v. Primary Residential Mortg.*, 444 F. Supp. 3d 967, 2020 U.S. Dist. LEXIS 44607, at *3 (D. Minn. Mar. 13, 2020) (COVID-19 "establish[ed] good cause for remote testimony."). Accordingly, pursuant Rules 1 and 29 of the Federal Rules of Civil Procedure, Amtrust International Underwriters Ltd., Navigators Specialty Insurance Company, Peerless Insurance Company and The Ohio Casualty Insurance Company, and U.S. Specialty Insurance Company (collectively, the "Parties") submit the following stipulated deposition protocol for depositions in this matter:

## I.   DEFINITIONS

A.   "Attending counsel" shall mean any legal counsel for a party that is attending the deposition of a non-party.

B.   "Court reporter" shall mean an individual retained by the deposing party to transcribe the oral testimony offered at a deposition in the litigation and who is authorized to administer oaths either by federal law or by the law of the place of examination.

C.   "Deposition" shall mean any deposition upon oral examination taken pursuant to Fed. R. Civ. P. 27, Fed. R. Civ. P. 30, Fed. R. Civ. P. 45, or any court order.

D.   "Deposing counsel" shall mean the legal counsel of the party or parties noticing and taking a deposition in the litigation.

E.   "Defending counsel" shall mean the legal counsel (including counsel of record and agency/in-house counsel) of the party, parties, non-party, or non-parties defending a deposition in the litigation.

F.   "Exhibit" shall mean any Document or Electronically Stored Information that is marked as an exhibit during a Deposition.

G.   "Parties" shall mean Plaintiffs, Defendants, and their current and former employees, executives, officers, and directors.

///

2.

H.     "Non-parties" shall mean all natural or legal persons that are not Parties from whom a Party is seeking testimony at a deposition in the litigation.

## II.     GENERAL PRINCIPLES AND DURATION OF THIS ORDER

A.     This Order is intended to allow the parties to continue deposition discovery in light of the ongoing COVID-19 pandemic.

B.     The Court and counsel recognize that the COVID-19 pandemic requires the parties to be flexible in completing deposition discovery in this litigation.  The parties agree to take steps that will enable deponents, deposing counsel, defending counsel, and attending counsel to complete depositions in a manner that also takes into account the needs of dependent care and personal health care.  In light of the developing public health situation, the parties and non-parties shall meet, confer, and cooperate with one another regarding the scheduling of depositions and the procedures for taking depositions.  In doing so, the parties and non-parties shall make all reasonable efforts to accommodate reasonable requests for continuances of depositions due to illnesses or dependent care needs of attorneys, deponents, or the court reporter.

C.     Deposing counsel and defending counsel agree to notice depositions sufficiently early to allow defending counsel time to prepare the deponent to testify remotely and agree to accommodate reasonable scheduling requests. Twenty-one days' notice shall typically be considered reasonable notice of the deposition.

D.     Unless otherwise stated, this Order is not intended to alter, expand, or limit the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and/or court orders.

## III.     PROCEDURES FOR TAKING THE INITIAL DEPOSITION

A.     Pursuant to Fed. R. Civ. P. 29(a) and Fed. R. Civ. P. 30(b)(4), depositions in this litigation shall be taken by remote means that comply with local, state and federal guidance, regulations, and orders concerning social distancing and public health, unless all participants in the deposition, including the deponent, defending counsel, attending counsel, and the court reporter, agree that remote means are not necessary.  "Remote means" shall

include (a) telephone, (b) video-conferencing platforms that allow for the deponent, attending counsel, deposing counsel, defending counsel, court reporter, and videographer to participate in a deposition without attending the deposition in-person, or (c) any other means that the deposing counsel, defending counsel, and attending counsel agree to.

B.   Pursuant to Fed. R. Civ. P. 30(f)(2), deposing counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at the deposition can be shown to the witness in a manner that enables the witness to review the exhibits during the course of the deposition. Acceptable means of marking and using exhibits for a deposition shall include: (a) sending via Fed Ex, U.S. Postal Service, or UPS pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition; (b) emailing pre-marked exhibits to the deponent, defending counsel, attending counsel, and the court reporter in advance of the deposition; (c) using a video conferencing platform that enables deposing counsel to share exhibits with the deponent, court reporter, defending counsel, and attending counsel; or (d) any other means that the deposing counsel, defending counsel, and attending counsel agree to.   If the remote means utilized does not permit for the court reporter to mark exhibits remotely, deposing counsel shall be responsible for pre-marking exhibits.

C.   As used in Fed. R. Civ. P. 28(a)(1)(A), the "place of examination" is the location of the deponent.  A court reporter may administer an oath concerning a deposition via remote means.

D.   Deposing counsel and defending counsel shall meet, confer, and cooperate to ensure that the deponent has technology sufficient to attend a deposition via remote means. If necessary, this shall include arranging for the deponent to participate in a "test run" of the deposition video conferencing software being utilized at the expense of the deposing party.

E.   Deposing counsel is responsible for ensuring that the remote means utilized for a deposition allow for the court reporter to accurately record the deponent's testimony. Either deposing counsel or defending counsel may elect to have a technical specialist attend

///

**STIPULATED DEPOSITION PROTOCOL; AND
[PROPOSED] ORDER**                                        CASE NO. 1:20-CV-00778

a deposition taken by remote means to ensure that technical issues are dealt with in a timely manner.

F.      Deposing counsel shall bear the cost of ensuring that the deponent has the proper software, hardware and other relevant equipment to attend a deposition by video conference.

G.      Should technical issues prevent the court reporter from reliably hearing or transcribing the testimony at any deposition taken pursuant to this order and such technical issue cannot be remedied in a timely manner, deposing counsel, defending counsel, and attending counsel shall meet, confer, and cooperate with one another regarding the rescheduling of the deposition.

H.      In addition to recording deposition testimony by stenographic means, the deposing party may record the deposition via video.

I.      All objections to the use and admissibility of the transcript or video of a deposition taken pursuant to this order based on the fact that the deposition was taken by remote means are deemed waived.

J.      Deposing counsel and defending counsel shall be responsible for ensuring that they have a means of communicating with co-counsel or the deponent, as the case may be, during breaks in the deposition; the parties agree not to oppose reasonable accommodations to allow such conferences during breaks, as well as communications between co-counsel during the deposition.

K.      All persons attending depositions taken by remote means are reminded that the typical rules of professionalism and etiquette during depositions still apply.  All persons attending depositions taken pursuant to this order who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted.  In addition, all persons attending depositions taken pursuant to this order shall ensure that they can do so in a space that is relatively free from distractions that would inhibit the course of the deposition.

///

**STIPULATED DEPOSITION PROTOCOL; AND**          CASE NO. 1:20-CV-00778
**[PROPOSED] ORDER**

1

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

Dated:  March 25, 2021

BRANSON, BRINKOP, GRIFFITH &
CAMPO, LLP

3

4

*/s/ Geoffrey Hutchinson*

5

By: _____
John R. Campo

6

Geoffrey Hutchinson
Attorneys for Plaintiff, OLD REPUBLIC

7

GENERAL INSURANCE CORPORATION

8

Dated:  March 25, 2021

WOLKIN • CURRAN, LLP

9

10

*/s/ Catharine M. Tolson*

11

By: _____
Brandt L. Wolkin, Esq.

12

Catharine M. Tolson, Esq.
Attorneys for Defendant, NAVIGATORS
SPECIALTY INSURANCE COMPANY

13

14

Dated:  March 25, 2021

HIRSCH CLOSSON, APLC

15

16

*/s/ Lisa Shemonsky*

17

By: _____
Lisa Shemonsky

18

Attorneys for Defendant, AMTRUST
INTERNATIONAL UNDERWRITERS
LTD.

19

20

Dated:  March 25, 2021

ROPERS MAJESKI, PC

21

22

*/s/ Cameron Miller*

23

By: _____
Blake J. Russum

24

Cameron Miller
Attorneys for Defendant, THE OHIO
CASUALTY INSURANCE COMPANY

25

26

27

28

6.

Dated:  March 25, 2021                              ROPERS MAJESKI, PC

                                                    */s/ Cameron Miller*

                                      By:  _____
                                                    Blake J. Russum
                                                    Cameron Miller
                                      Attorneys for Defendant, PEERLESS
                                            INSURANCE COMPANY

Dated:  March 25, 2021                              TROUTMAN SANDERS, LLP

                                                    */s/ Jenni Khuu Katzer*

                                      By:  _____
                                                    Terrence R. Mcinnis
                                                    Jenni Khuu Katzer
                                      Attorneys for Defendant, U.S. SPECIALTY
                                            INSURANCE COMPANY

7.

**STIPULATED DEPOSITION PROTOCOL; AND**                    CASE NO. 1:20-CV-00778
**[PROPOSED] ORDER**

1

## **SIGNATURE ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for all parties herein, and that I have obtained the authorization of counsel to all parties herein to affix his or her electronic signature to this document.

I declare under penalty of perjury under the laws of the United States of American that the foregoing is true and correct and executed on March 25, 2021 in San Francisco, California.

Dated:  March 25, 2021                              WOLKIN • CURRAN, LLP

*/s/ Catharine M. Tolson*

By:  _____
                                    Brandt L. Wolkin, Esq.
                                    Catharine M. Tolson, Esq.
                               Attorneys for Defendant, NAVIGATORS
                               SPECIALTY INSURANCE COMPANY

8.

# [~~PROPOSED~~] ORDER

## APPROVING STIPULATED DEPOSITION PROTOCOL

Pursuant to the Parties' Stipulation, the Deposition Protocol is approved.

IT IS SO ORDERED.

Dated:   __March 25, 2021__                    _____/s/ Jennifer L. Thurston__

                                        UNITED STATES MAGISTRATE JUDGE

---

1.