UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD REPUBLIC GENERAL INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PEERLESS INSURANCE CO., et al.<br><br>Defendants. | No. 1:20-cv-00778-DAD-BAK<br><br>ORDER GRANTING JOINT MOTION TO DISMISS THIS ACTION AND CLOSING CASE<br><br>(Doc. No. 80) |

On August 10, 2022, "[t]he last remaining parties in this action" filed a joint motion for an order dismissing this entire action pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 80 at 2.) In the pending joint motion, defendants Peerless Insurance Company and the Ohio Casualty Insurance Company ("Peerless/Ohio") and plaintiff stipulated that they "have no further dispute about whether Peerless/Ohio has a duty to defend the mutual insured in the underlying action" and that plaintiff's operative second amended complaint (SAC) "should be dismissed with prejudice." (*Id.*) Plaintiff and Peerless/Ohio also indicate in their proposed order that the court should "update the docket to reflect that the entire action is dismissed with prejudice." (Doc. No. 80-1.)

Although plaintiff and Peerless/Ohio invoked Rule 41(a)(2) in their pending motion, if they are the last remaining parties in this action and both signed the joint motion, dismissal would instead be proper under Rule 41(a)(1)(A)(ii) rather than Rule 41(a)(2). The court acknowledges,

1

however, that there may be some confusion regarding which defendants remain in this action because the docket reflects that, in addition to defendants Peerless/Ohio, defendants Colony Specialty Insurance Company and Everest Indemnity Insurance Company are still listed as named defendants. Upon further review, it is apparent that defendant Everest Indemnity Insurance Company was erroneously listed twice on the docket, and indeed has already been dismissed from this action by the court. (*See* Doc. No. 10.) Defendant Colony Specialty Insurance Company has never appeared in this action nor filed anything on the docket. It appears that defendant Colony Specialty Insurance Company is in fact the same entity as similarly-named defendant Colony Insurance Company, that was dismissed as a defendant in this action on October 8, 2020.[1] (Doc. No. 31.) Thus, the court acknowledges that defendants Colony Specialty Insurance Company and Everest Indemnity Insurance Company have already been dismissed from this action, despite their duplicate listing on the docket suggesting otherwise.

Accordingly,

1. The parties' joint motion to dismiss this action in its entirety with prejudice under Rule 41 (Doc. No. 80) is granted; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 16, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that there is a proof of service reflected on the docket entitled "Proof of Service Re: Colony Insurance Company" but in the actual proof of service it states that notice of the pending action was completed on behalf of "Colony Specialty Insurance Company." (Doc. No. 13.) Plaintiff's SAC further suggests that these two defendants are the same entity because it named only Colony Insurance Company as a defendant, not Colony Specialty Insurance Company. (Doc. No. 19 at 1.) Even if these two defendants are not the same entity, defendant Colony Specialty Insurance Company never filed an answer or a motion in this action; thus, dismissal of the entire action as to defendant Colony Specialty Insurance Company would still be appropriate under the pending joint motion to dismiss pursuant to Rule 41(a)(1)(A)(i).